| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTH DISTRICT OF NEW YORK<br>-------------------------------------------------------------X<br>Bradley Johnson,<br>　　　　　　　　　　　Plaintiff,<br>　　　　　　　v -<br>Ironshore Specialty Insurance Company and<br>Westchester Surplus Lines Insurance Company,<br>　　　　　　　　　　　Defendants.<br>-------------------------------------------------------------X | **MEMORANDUM ENDORSED**<br><br>21-CV-3262<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 6/8/2022 | |

GREGORY H. WOODS, District Judge:

　　　　WHEREAS, all of the parties to this action (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

　　　　WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

　　　　IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms, upon pain of contempt:

　　　　　　1.　　With respect to "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder:

2. The Party or person producing or disclosing Discovery Material (each, "Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

    (a) previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

    (b) previously non-disclosed material relating to ownership or control of any non-public company;

    (c) previously non-disclosed business plans, product-development information, or marketing plans;

    (d) previously non-disclosed business records and proprietary information related to the handling and disposition of insurance claims;

    (e) any information of a personal or intimate nature regarding any individual; or

    (f) any other category of information given confidential status by this Court after the date of this Order.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

4. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all

counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

    5.  If at any time before the termination of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by notifying all Parties in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential. In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential" designation within two business days of providing such notice.

    6.  Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

    7.  Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

    (a)  the Parties to this action, including those employees and former employees of such Party who are involved in the litigation and/or trial of this matter, their insurers or reinsurers, and counsel to their insurers or reinsurers;

    (b)  counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c)     outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d)     any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(e)     as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f)     any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(g)     any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(h)     stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i)     this Court, including any appellate court, its support personnel, and court reporters;

(j)     federal, state or local regulators or as otherwise required by law; and

(k)     any other person to whom the Producing Party agrees in writing.

8.     Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(d), 7(f), or 7(g) above, counsel must provide a copy of this Order to

such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel upon request.

9. This Order binds the Parties and certain others to treat as Confidential any Discovery Materials so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential hereunder. All persons are placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced into evidence at trial, even if such material has previously been sealed or designated as Confidential.

10. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. In accordance with Rule 4(A) of the Court's Individual Rules of Practice in Civil Cases, the Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission. In accordance with Rule 4(A) of this Court's Individual Rules of Practice in Civil Cases, any Party that seeks to file Confidential Discovery Material under seal must file an application and supporting declaration justifying—on a particularized basis—the sealing of such documents. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120

(2d Cir. 2006).

11. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 2(C) of this Court's Individual Practices. The party asserting that the material is Confidential shall have the burden of proving that the designation is proper.

12. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Rule 2(C) of this Court's Individual Rules of Practice in Civil Cases. The party requesting additional limits on disclosure shall have the burden of proving the necessity of the requested additional limits.

13. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

14. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before

any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

15. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

16. If information subject to a claim of attorney-client privilege, attorney work product, or any other ground on which production of such information should not be made to any Party is nevertheless inadvertently produced to such Party or Parties, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, or other ground for withholding production to which the Producing Party would otherwise be entitled. If a claim of inadvertent production is made pursuant to this Paragraph with respect to information then in the custody of another Party, such Party shall promptly return to the claiming Party or person that material as to which the claim of inadvertent production has been made, and the receiving party shall not use such information for any purpose other than in connection with a motion to compel. The party returning such material may then move the Court for an order compelling production of the material if, in good faith, it believes that it has a basis for doing so, but said motion shall not assert as a ground for entering such an order the fact or circumstance of the inadvertent production, but may assert other circumstances, including without limitation prior open use of the material in the litigation without any claim of inadvertent production, to establish the fact of an intentional and knowing waiver of applicable privileges by the Producing Party. The Producing Party shall promptly submit the contested material to the Court for *in camera* review, if the Court so directs.

17. Within 60 days of the final disposition of this action—including all appeals— all recipients of Confidential Discovery Material must make commercially reasonable efforts to either return it—including all copies thereof—to the Producing Party, or make commercially reasonable efforts to destroy or maintain the confidential nature of such material—including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return, destruction, or safekeeping by submitting a written certification to the Producing Party that affirms that it has complied with this Paragraph. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

18. This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential Discovery Material is produced or disclosed.

19. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

| **ADRIAN & ASSOCIATES, LLC** | **HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER** |
|---|---|
| **By:**   s/Anna Karin F. Manalaysay<br>Anna Karin F. Manalaysay<br>200 Park Avenue, Suite 1700<br>New York, NY 10166<br>646-632-3703<br>*Counsel for Plaintiff Bradley Johnson*<br><br>DATED: June 7, 2022 | By: s/Ronald P. Schiller<br>    Ronald P. Schiller<br>    Bonnie M. Hoffman (*pro hac vice*)<br>One Logan Square, 27th Floor<br>Philadelphia, Pennsylvania  19103<br>(215) 568-6200<br>(215) 568-0300 facsimile<br>rschiller@hangley.com |

|  | bhoffman@hangley.com |
|---|---|
|  | *Counsel for Plaintiff Ironshore Specialty Insurance Company* |
|  | DATED: June 7, 2022 |
|  | **HOGAN LOVELLS US LLP**<br><br>By:  s/ Andrew Harris<br>      Andrew Harris<br><br>390 Madison Avenue<br>New York, NY  10017<br>(212) 918-3000<br>andrew.harris@hoganlovells.com<br><br>*Counsel for Defendant Westchester*<br><br>DATED: June 7, 2022 |

SO ORDERED.

Dated: June 8, 2022  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                          :

Bradley Johnson,                                            :

                                       Plaintiff,   :               1:21-CV-3262-GHW

                                                  -v -                  :             **NON-DISCLOSURE**
                                                                      :              **AGREEMENT**

Ironshore Specialty Insurance Company and    :
Westchester Surplus Lines Insurance Company, :

                                       Defendants.  :

------------------------------------------------------------ X

        I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it or destroy it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

                                                                                          _____
                                                                                         Name:
                                                                                         Date:

1